Brockenbkottoh, J.
In this case, the court not only certified the facts that were proved at the trial, but also the persons by whom they were proved. They were the overseers employed by the defendant in superintending the labourers at his coal pits. If there was any negligence in the case, they were the persons who were guilty of it. The plaintiff was, however, compelled to make them witnesses, or to lose his testimony altogether, since the labourers were slaves and not competent to give evidence. I agree with the judge of the circuit court, that it was perfectly natural that those witnesses should wish to place their own conduct in the most favourable point of view. They might not have been at all conscious that they were guilty of any neglect, and yet the facts proved by themselves might have been sufficient to convince a jury, composed of disinterested and intelligent men, that they were guilty of gross neglect. The jury might have been satisfied, that a single examination, even by a careful and trustworthy person, with a single lamp, to ascertain whether it would be extinguished by mephitic gas in a pit seventy feet deep, was not sufficient; that where human life was to be risked, repeated and successive experiments should have been made, with torches or lamps, at regular intervals, before the lungs of men should be required to inhale that air; or that other more complete experiments should have been made to ascertain the condition of that subterranean abode; that an hour or two would not be unprofitably thrown away, in determining the condition of the pit. The jury might reasonably have concluded, that to guard against the danger of mephitic gas, it was the duty of the defendant to provide a larger bucket and a stronger rope, to enable more than one or two persons, at a time, to ascend *390 the shaft, and thus escape from death. The jury might fairly have inferred, from the evidence given, and allowjng it full credence, that the defendant and his agents were guilty of the negligence charged. They were the proper judges of this matter; the judge who tried the cause thought they had decided rightly; and I am sure I can see no ground on which to say that they were wrong. I am for affirming the judgment. -
Carr, J.
The principles that govern cases of this kind (of which we have had several lately) are well settled. It is agreed, on all hands, that when a court is applied to for a new trial because the verdict is contrary to evidence, “ the court ought to grant it, only in case of a plain deviation, and not in a doubtful one, merely because the judge, if on the jury, would have given a different verdict; since that would be to assume the province of the jury, whom the law has appointed the triers.” Tbe difficulty lies in applying this law to the facts of the different cases brought before us. ■ We ought, I think, to exercise the power given us with a jealous caution of ourselves ; for if we do not agree exactly with the jury, we are naturally too apt to overlook the distinction between a plain and a doubtful deviation ; and thus to invade the province of the jury. The facts before us present to my mind one of those doubtful cases. The defendant having hired the slave to work at his coal pits, which are known to be subject occasionally to the visitation of this foul air, and having given the additional hire which is laid on to meet this risk, ought not to be charged with the loss of the slave, •unless he was in some default. If he has been negligent in ' any thing, it was either in sending the hands into the pits without a sufficient examination, or in failing to provide sufficient means of escape in the moment of danger. The hands had all been more or less sickened the evening before by foul air in the pit, and had been *391 taken out. The next morning they were sent down again, after an examination by a single person, and that person a negro slave, but experienced and confidential : was this taking sufficient precaution, where so many human lives depended on the issue ? Again: the pit was seventy feet deep, and there was but one shaft, allowing but one bucket to pass up and down: was this providing sufficient means of escape ? These, I confess, are doubtful points with me. Perhaps they might not be so, if I were better acquainted with the working of coal pits, the nature of this mephitic air, the customs and habits of the business, aad the precautions commonly used; but of these I am wholly ignorant. Here are twelve men, most of them probably citizens of the county, some perhaps from the neighbourhood of these pits, and well acquainted with all these facts; every one of them, I apprehend, a better judge of these matters than myself. They are, too, the appropriate triers of facts. With the witnesses before them, and no bias to mislead their judgments, they have found for the plaintiff. And the judge who heard the whole case has refused a new trial. Shall I undertake to say, that this is a finding against the evidence, so gross and palpable as to justify me in setting all aside, and sending the parties back ? I certainly cannot. Let me not be misunderstood: I do not mean to say, that the defendant has actually been negligent; that he has deserved the verdict; but that it is one of those cases where the jury’s verdict is decisive with me; for I am free to declare that if, on the same facts, the case had come up with a verdict for the defendant, I should, as at present advised, have refused a new trial. 1 am for affirming the judgment.
Ttjckek, P.
I am of opinion, that the verdict of the jury, upon the facts appearing before them, was clearly wrong; and unless it be conceded, that a court is never *392 to grant a new trial in a case which is peculiarly ap- , , propnate for the decision of the jury, a new tnaL ought to be granted, in this. But, whatever the nature of the case, if the jury have plainly deviated from the conclusion to which the facts proved ought to have led them, the court ought to exercise its superintending power, by granting a new trial. Such I conceive to have been the case here. The verdict is altogether unsustained by the facts, and the court ought to have granted a new trial. In correcting this error, this court would not take upon itself to decide upon the weight of evidence; the facts proved, and not the evidence, having been certified by the circuit court. I have therefore no difficulty in saying, that the judgment should be reversed, and a new trial awarded.
Cabell, J. I concur in the opinion of the president.
The judges of this court being equally divided in opinion,—judgment of the circuit court affirmed.